IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANNY ANGEL RODRIGUEZ,    )<br>    Petitioner,    ) | Civil Action No. 7:20CV00589 |
|                                       )<br>v.                           )<br>                                      ) | By: Michael F. Urbanski |
| WARDEN JASON STREEVAL,    )<br>    Respondent.    ) | Chief United States District Judge |

## MEMORANDUM OPINION

Danny Angel Rodriguez, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges his criminal conviction on two counts imposed by the United States District Court for the Southern District of Florida in Criminal Action No. 1:17cr20904. He seeks to proceed under § 2241, implicitly contending that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his conviction.

In his brief petition, Rodriguez contends that his convictions in Counts 1 and 3 were improper. Specifically, he claims that he pled guilty to possessing a "synthetic marijuana" and that the substance he possessed was not an illegal substance at the time of the offense. For support, he relies on an April 10, 2017 "Notice" by the United States, which advised that, as of that date, the substance was a Schedule I controlled substance. Rodriguez claims that, consequently, the substance was not illegal prior to that date.[1] Based on this, he argues that

---

[1] Rodriguez's understanding of the impact of the April 10, 2017 notice, which he claims "decriminalize[d]" the substance prior to that date, is belied by statements made by the court in his criminal case. Specifically, one of the court's orders explained that, prior to April 10, 2017, the relevant substance was illegal to possess with the intent to distribute when intended for human consumption because it was an analogue of a schedule I controlled substance. On April 10, 2017, the substance was added to the list of schedule I controlled substances. See, e.g., United States v. Rodriguez, No. 1:17cr20904, ECF No. 222 (S.D. Fla. Dec. 10, 2018) (order denying motion to withdraw guilty plea). Thus, if an offense involving that substance was committed before April 10, 2017, the substance had to be intended for human consumption for it to constitute a federal offense; afterward, that was no longer a requirement. Id.

Counts 1 and 3 were not federal crimes and the court lacked jurisdiction to accept his plea. He also argues that his counsel was constitutionally ineffective for allowing him to plead guilty. See generally ECF No. 1.

For the reasons discussed in more detail below, the court concludes that Rodriguez is not entitled to proceed under 28 U.S.C. § 2241. Instead, the court concludes that jurisdiction is lacking over Rodriguez's § 2241 petition.

## I. BACKGROUND

Rodriguez was charged in a superseding indictment with a number of counts related to his alleged participation in a drug trafficking organization that operated within the Southern District of Florida and elsewhere providing ADB-FUBINACA, a schedule I synthetic cannabinoid, to federal inmates housed in various facilities. After substantial motion practice (including a motion to suppress that was denied), he pleaded guilty to all of the counts against him, without the benefit of a written plea agreement, on August 20, 2018. His guilty plea included a written factual proffer, which both he and his two attorneys signed. United States v. Rodriguez, No. 1:17-cr-20904-UU (S.D. Fla.), ECF No. 166. The factual proffer included some dates of specific transfers of ADB-FUBINACA to inmates, with one of those before April 10, 2017, and seventeen of them after that date. Id. at 2; see also id., ECF No. 184 (transcript of guilty plea proceeding).

Rodriguez later filed a motion to withdraw his guilty plea, id., ECF No. 215, which the court denied, id., ECF No. 222. Rodriguez then asked to represent himself and that request was granted. At the sentencing hearing, Rodriguez represented himself with the assistance of standby counsel. Id., ECF No. 357 (transcript of April 29, 2019 sentencing hearing); ECF Nos. 633–35 (transcripts of June 10, 11, and 13 sentencing hearings).) He was sentenced to a

total term of imprisonment of 400 months, as well as a three-year term of supervised release, and a special assessment of $2,400. Id., ECF No. 471 (judgment). Judgment was entered on June 25, 2019. Id.

Rodriguez appealed, and his direct appeal remains pending before the Eleventh Circuit. See United States v. Rodriguez, No. 19-12451-EE (11th Cir.).

## II. DISCUSSION

Ordinarily, a motion pursuant to § 2255, not § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence after a direct appeal has concluded. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2]

Section 2255 is inadequate or ineffective to test the legality of a conviction only when the following three requirements are met:

1. At the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction;

2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

3. The prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.[3]

---

[2] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." Lester v. Flournoy, 909 F.3d 708, 711 (4th Cir. 2018).

[3] The gatekeeping provisions of § 2255(h) require a prisoner, before filing a "second or successive" § 2255 motion, to receive permission from the court of appeals by showing either "newly discovered evidence" proving he was not guilty of his offense, or that a new, previously unavailable rule of constitutional law made retroactive on collateral review by the Supreme Court entitles him to relief. Lester, 909 F.3d at 710–11 (citing 28 U.S.C. § 2255(h)(1)–(2)).

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). These requirements are jurisdictional. Thus, a § 2241 petitioner relying on the savings clause to challenge his conviction must meet the Jones test for the district court to have jurisdiction to evaluate the merits of his claims. See United States v. Wheeler, 866 F.3d 415, 423–26 (4th Cir. 2018).

Regardless of the other factors, Rodriguez cannot satisfy the second Jones factor. First of all, the change in law that Rodriguez identifies occurred before his conviction. Importantly, moreover, his direct appeal is still pending and any 28 U.S.C. § 2255 motion challenging his convictions on Count 1 and 3 would be premature at this time. Because Rodriguez does not identify any change in substantive law that occurred after his direct appeal and first § 2255 motion, he cannot satisfy the Jones standard to show that § 2255 is inadequate and ineffective to test the legality of his conviction. Thus, the claims he asserts in his petition cannot be addressed under § 2241.

### III. CONCLUSION

For the reasons stated herein, Rodriguez cannot proceed under § 2241 and his petition must be dismissed for lack of jurisdiction. An appropriate order will be entered.

It is so **ORDERED**.

Entered: November 13, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.11.13 16:30:23
-05'00'

Michael F. Urbanski
Chief United States District Judge